UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                          Case No. 04-CR-19

STEWART MUSA,

        Defendant.

## FINDINGS ON LIMITED REMAND

This case is before the court on a limited remand pursuant to the procedure established in *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). Consequently, the court must either place on the record a decision not to resentence with an appropriate explanation, or inform the Seventh Circuit of its desire to re-sentence the defendant. *Id.* The government and the defendant have filed timely memoranda respecting re-sentencing as directed by this court. Those memoranda have been considered as have the presentence investigation report and the case file.

Pursuant to a written plea agreement, Stewart Musa pled guilty on March 5, 2004, to a one count information for Transporting Child Pornography in violation of 18 U.S.C. § 2252(a)(1). On July 15, 2004, this court committed Musa to the custody of the United States Bureau of Prisons for a term of twenty-seven months, placed him on supervised release with multiple conditions for a term of three years, fined him $6,000 and ordered payment of a $100 special assessment.

As for the offense of conviction, the court notes that in February 2002 images of young men and boys were found on computers at the Medical College of Wisconsin. Later, it was determined that Musa, a third year medical student, was downloading the images on the medical school's shared hard drive. When contacted by an FBI agent in May 2002, Musa acknowledged during a non-custodial interview that the medical school had suspended him as a result of his actions just as he was about to start his pediatric rotation. Musa added that he is openly gay and that he received email messages and photographic images filed from other gay men. According to Musa, he downloaded these images on the medical school's computers because those computers were faster than his own computer. Afterward, he forwarded the images to his home computer.

Musa is a bright, college-educated thirty-year-old, with a supportive family. He cooperated fully with the investigation of his offense and is exceptionally remorseful. Musa's risks of re-offending are low inasmuch as his presentence report indicates there are no signs of deviance in his sexual interests, fantasies or behavior. Further, Musa has been punished in part and will continue to be punished for his conduct because he was forced to withdraw from medical school. Also, because Musa is an alien, deportation is a strong possibility. And, if deportation occurs, he will be punished further as a result of separation from his parents, siblings and the country he has lived in since age two.

Considering the nature and circumstances of Musa's offense, his background and characteristics, the purposes of imposing a sentence, the kinds of sentences available, the policy statements set forth in the sentencing guidelines, the need to avoid unwarranted sentence disparities and the need to provide restitution, this court would have imposed a

different sentence if the sentencing guidelines had been advisory when Musa was sentenced on July 15.

Dated at Milwaukee, Wisconsin, this 21st day of December 2005.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge

3

Case 2:04-cr-00019-CNC   Filed 12/21/05   Page 3 of 3   Document 34